UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JEROME FRANKLIN,

        Petitioner,

v.

        CIVIL CASE NO. 05-CV-60212-AA
        HONORABLE JOHN CORBETT O'MEARA

STATE OF MICHIGAN,

        Respondent.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

I.    Introduction

This is a habeas case under 28 U.S.C. § 2254. Michael Jerome Franklin ("Petitioner") is a state prisoner currently confined at the Ionia Correctional Facility in Ionia, Michigan. Petitioner was convicted of one count of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct following a jury trial in the Macomb County Circuit Court in 1995 and was sentenced to concurrent terms of 6 to 20 years and 5 to 15 years imprisonment on those convictions in 1996. In his pleadings, Petitioner raises claims concerning alleged violations of his Fifth and Sixth Amendment rights. For the reasons set forth below, the Court dismisses without prejudice the petition for writ of habeas corpus.

II.    Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O"Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues

by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating the exhaustion of state court remedies. He admits that he has not pursued a direct appeal or state collateral review of his convictions. While the time for seeking a direct appeal in the state courts has expired, Petitioner may pursue collateral relief in the state courts pursuant to Michigan Court Rule 6.500. Petitioner has additional remedies in the Michigan courts which must be exhausted before proceeding in federal court.

Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review the claims presented, such an action would deny the state courts the deference to which they are entitled under 28 U.S.C. § 2254. The state courts must first be given a fair opportunity to rule upon all of Petitioner's claims before he can present those claims to this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

III.    Conclusion

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

**IT IS SO ORDERED**.

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated: September 15, 2005